## LLOYD v. JOHNSON.

In case.   Matter of practice.

This cause was tried at the Salem Circuit, before Mr. Justice Ryerson, since dec'd. and a verdict rendered for the defendant.   Upon the coming in of the Postea, a rule was granted in behalf of the plaintiff, calling on the defendant to shew cause, why the verdict should not be set aside and a new trial granted. After that, the plaintiff died, having made a will and appointed an executor who has proved the same.   At the last term,

Mr. *Jeffers* for the defendant obtained a rule calling on the executor to suggest the death of the testator, and to make himself plaintiff on the record, or to shew cause why the rule to shew cause why a new trial should not be granted, should not be discharged and judgment entered on the postea, for the defendant.

Service of the rule being admitted, and the executor having failed to cause himself to be made plaintiff, Mr. Jeffers now moved that the rule to shew cause, why the verdict should not be set aside, be discharged and that final judgment be entered for the defendant.

Mr. *Eakin* and *R. P. Thompson* for the executor, opposed this motion, saying, the executor was the only witness on whom the plaintiff, when he brought this action, relied to maintain his suit; that if the executor became plaintiff, on the record, there would be no use in getting a new trial, as he could not in that case, be a witness, and must therefore inevitably fail; and they contended that the executor, prior to the statute, *Elm. Dig.* 1, would not have been bound to revive the suit by *scire facias*, and that the statute only affords an easier mode of doing so, but does not oblige him to revive and continue the suit, by suggesting the death of his testator, and making himself plaintiff on the record.

BY THE COURT.   True, the executor is not compelled to become a party plaintiff in this cause; but if he does not choose to do so, and to follow up the rule to shew cause, obtained by his testator, that rule must be discharged, and the defendant have judgment final on the verdict in his favor.

*Rule discharged, &c.*